UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| MOHAMMED EL KARMASSI, | 1:25-CV-01007-ECS |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DISMISSING CASE |
| LOT CORPORATION, | |
| Defendant. | |

On April 18, 2025, Plaintiff Mohammed El Karmassi filed a Complaint with this Court, generally alleging racial discrimination on the part of Defendant. Doc. 1. Attached to the Complaint was a right to sue letter from the EEOC. Doc. 1-1. Although properly served, Doc. 10, Defendant did not answer or otherwise respond to the Complaint. On March 11, 2026, upon Plaintiff's motion, the Clerk of Court entered Defendant's default. Doc. 14. Plaintiff thereafter filed a Motion for Default Judgment, Doc. 15, now pending before the Court. Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court held an evidentiary hearing on May 27, 2026, to better understand Plaintiff's allegations and, if necessary, fix the amount of damages.

## I.    Facts as Stated in the Complaint[1]

On December 9, 2024, El Karmassi, while driving a FedEx truck, hit black ice and got into an accident. Doc. 1 at 1. After that, he was treated differently by Defendant, his employer. Id. On December 17, 2024, Defendant refused to give him his $50 gift card and $150 bonus. Id.

On January 2, 2025, El Karmassi slipped on ice, hurting his head, back, and right shoulder. Id. El Karmassi texted his manager, Justin, about his fall, and talked to the customer about it. Id. Later, after his shift ended, he talked to his manager about it, but Defendant refused to report the accident or send him to the doctor.[2] Id.

On February 13, 2025, Justin, during a meeting over the phone, asked El Karmassi if he was going to kill somebody or explode the FedEx terminal in Watertown, South Dakota. Id. at 1, 3. El Karmassi told Justin to fix the truck because it was leaking gas. Id. at 3. The next day, Justin repeated the same thing. Id.

On February 20, 2025, after a driver safety meeting, Justin asked again whether El Karmassi was going to kill someone or explode the terminal. Id. El Karmassi told Justin "this is [r]acism and discrimination." Id. Justin asked, "What, are you trying to play [r]acism and discrimination with us?" Id. Justin also said FedEx was going to fire El Karmassi because of his accident. Id.

On that same day, the manager of the FedEx terminal called El Karmassi because he wanted to know what was going on. Id. El Karmassi told this manager what Justin said to him

---

[1] When considering a motion for default judgment, the Court accepts as true all facts alleged in the Complaint, except for those relating to the amount of damages. Marshall v. Baggett, 616 F.3d 849, 852 (8th Cir. 2010) (citation omitted); see Fed. R. Civ. P. 8(b)(6). Quotation marks are omitted when quoting most facts from El Karmassi's Complaint.

[2] At the evidentiary hearing, El Karmassi explained that separate state court proceedings exist related to his injuries and a workers' compensation claim. This opinion adjudicates only El Karmassi's racial discrimination claim.

and also asked why Justin kept telling him to stay home each day despite other drivers working. Id. El Karmassi also asked why FedEx was going to fire him because of the accident. Id.

That night, Ronak, Defendant's owner, sent El Karmassi a text message instructing him to stay home again the following day. Id. The next day, Ronak texted that El Karmassi no longer worked for him. Id. Notably, El Karmassi's Complaint does not allege Defendant's owner or other employees used racist language or epithets when discussing him at any time.

## II.    Standard on Motion for Default Judgment

"The entry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." PRN Health Servs. LLC v. Indep. Health Sols., LLC, 803 F. Supp. 3d 845, 853 (D.S.D. 2025) (citation modified). Rather, the decision to grant default judgment is left "to the sound discretion of the trial court." FTC v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977) (per curiam) (citations omitted). Necessary for default judgment are facts in the complaint that "constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted).

## III.    Discussion

El Karmassi does not specify which law his claim of racial discrimination arises under. Doc. 1. He did file with his Complaint a right to sue letter from the EEOC. Doc. 1-1. And receipt of that letter is a condition precedent to asserting a claim of racial discrimination under Title VII. Jones v. Am. State Bank, 857 F.2d 494, 499–500 (8th Cir. 1988). Title VII (of the Civil Rights Act of 1964) prohibits an employer from discharging or discriminating against an individual "with respect to his compensation, terms, conditions, or privileges of employment,"

because of his race.  Pub. L. No. 88-352 § 703, 78 Stat. 241, 255 (1964) (codified at 42 U.S.C. § 2000e-2(a)(1)).

"The existence of an employer-employee relationship is essential to a Title VII cause of action."  Pinchas v. USA Deaf Sports Fed'n, Inc., 457 F. Supp. 2d 937, 939 (D.S.D. 2006).  Relief under Title VII is therefore unavailable for independent contractors.  Schwieger v. Farm Bureau Ins. Co., 207 F.3d 480, 483 (8th Cir. 2000).  At the evidentiary hearing, El Karmassi implied that his relationship with Defendant was that of an independent contractor, potentially obviating his claim.  Typically, "determining whether a hired party is an employee or an independent contractor involves consideration of 'all aspects of the working relationship' between the parties."  Id. (quoting Wilde v. County of Kandiyohi, 15 F.3d 103, 106 (8th Cir. 1994)).  It involves the primary consideration of "the hiring party's right to control the manner and means by which a task is accomplished," as well as an analysis of twelve factors identified by the Supreme Court:

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Id. (quoting Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323–24 (1992)).  Considering the one-sided nature of these proceedings, the Court finds the record insufficiently developed to make a dispositive determination of whether El Karmassi was an independent contractor.

Assuming El Karmassi was an employee, relief under Title VII is only available against employers with fifteen or more employees.  42 U.S.C. §§ 2000e(b), 2000e-2(a)(1); Arbaugh v. Y & H Corp., 546 U.S. 500, 503, 515–16 (2006).  At the evidentiary hearing, El Karmassi testified

that Defendant, at full staff, consisted of twelve employees.  On this fact alone, El Karmassi fails to allege a legitimate cause of action under Title VII.  Arbaugh, 546 U.S. at 516.

But even assuming an employee relationship existed with an employer of sufficient size, the Court finds El Karmassi still fails to state a legitimate claim.  To establish a prima facie case of Title VII racial discrimination, El Karmassi must show "(1) he was a member of a protected group; (2) he was qualified to perform the job; (3) he suffered an adverse employment action; and (4) circumstances permit an inference of discrimination."  Banks v. John Deere & Co., 829 F.3d 661, 666 (8th Cir. 2016) (quoting Xuan Huynh v. U.S. Dep't of Transp., 794 F.3d 952, 958 (8th Cir. 2015)).  To satisfy the fourth element, El Karmassi's pleading must allow the Court to infer "it is more likely than not that [the employer's] actions were 'based on a discriminatory criterion illegal under the [law].'"  Furnco Constr. Corp. v. Waters, 438 U.S. 567, 576 (1978) (quoting Teamsters v. United States, 431 U.S. 324, 358 (1977)).

El Karmassi fails to do so.  On the facts pleaded, the Court considers it more likely than not that the actions Defendant took were not based on El Karmassi's race.  El Karmassi pleads that after he got into an accident, he was treated differently by Defendant.  Doc. 1 at 1.  At the evidentiary hearing, El Karmassi clarified that he rolled over his truck in inclement weather.  He testified he was told by his manager that he did not receive his bonus because of this accident.  And it was only after the accident that he was told to stay home and was ultimately terminated.  As for being asked if he was going to blow up the FedEx terminal, El Karmassi pleads this in tandem with the fact that his truck was leaking gas.  Id. at 3.  And he pleads his manager's incredulity at the suggestion that those comments were based on race.  Id.  The Court finds it more likely than not that the statements were made not because of El Karmassi's race, but in reference to the leaking gas.

5

Because El Karmassi has not met his initial burden of pleading race as a more than likely basis for Defendant's actions, he is not entitled to default judgment on his Title VII claim.

In the event El Karmassi is, indeed, an independent contractor, or the number of Defendant's employees is insufficient for Title VII relief, El Karmassi could still seek relief under 42 U.S.C. § 1981. Wortham v. Am. Fam. Ins. Grp., 385 F.3d 1139, 1141 (8th Cir. 2004); Skinner v. Maritz, Inc., 253 F.3d 337, 340 n.1 (8th Cir. 2001). As pertinent here, § 1981 guarantees persons of every race "the same right . . . to make and enforce contracts," including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(a)–(b). To state a claim of racial discrimination under § 1981, El Karmassi "must show that (1) he is a member of a racial minority, (2) the defendant intended to discriminate against him on the basis of race, and (3) the discrimination concerned an area enumerated by the statute." Williams v. Lindenwood Univ., 288 F.3d 349, 355 (8th Cir. 2002). He "must initially plead . . . that, but for race, [he] would not have suffered the loss of a legally protected right." Johnson v. Schulte Hosp. Grp., Inc., 66 F.4th 1110, 1118 (8th Cir. 2023) (quoting Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 589 U.S. 327, 341 (2020)).

The standard is essentially the same as that for Title VII. Briggs v. Anderson, 796 F.2d 1009, 1021 (8th Cir. 1986). And so is the result. El Karmassi fails to plead his race as the but for cause of his loss of bonuses, his loss of work / termination, and the comments made by his manager. Rather, El Karmassi pleads his accident as the but for cause of his loss of bonuses and termination, and a gas leak as the but for cause of his manager's comment about explosions.

Because El Karmassi fails to state a legitimate cause of action for racial discrimination, he is not entitled to default judgment. Further, in this context, when a party does not state a

legitimate cause of action, a district court should dismiss the complaint. <u>Marshall v. Baggett</u>, 616 F.3d 849, 855 (8th Cir. 2010); <u>Murray</u>, 595 F.3d at 871; <u>Nishimatsu Constr. Co. v. Hou. Nat'l Bank</u>, 515 F.2d 1200, 1208 (5th Cir. 1975). For the above reasons, and the record as it now exists before the Court, it is hereby

ORDERED that El Karmassi's Motion for Default Judgment, Doc. 15, is denied. It is further

ORDERED that the case is dismissed without prejudice.

DATED this 3rd day of June, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

7