UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| MOHAMMED EL KARMASSI,<br><br>Plaintiff,<br><br>vs.<br><br><br>LOT CORPORATION,<br><br>Defendant. | 1:25-CV-01007-ECS<br><br><br>ORDER DENYING MOTION FOR<br>RECONSIDERATION |

On June 3, 2006, the Court dismissed this case after denying Plaintiff Mohammed El Karmassi's motion for default judgment for failure to state a legitimate cause of action. El Karmassi v. LOT Corp., No. 1:25-CV-01007-ECS, 2026 WL 1587049 (D.S.D. June 3, 2026). El Karmassi now moves the Court to reconsider his case using clarifying facts and appealing to both his compliance with court procedure and his inability to locate, presumably the owner of Defendant, to "do another case against him." Doc. 22.

"The Federal Rules of Civil Procedure do not address a 'motion for reconsideration.'" Colombe v. United States, No. 5:24-CV-05069-ECS, 2025 WL 3063285, at *3 (D.S.D. Nov. 3, 2025). Depending on context, such motions might be construed under Rules 54(b), 59, or 60. Id. (citations omitted). El Karmassi seeks relief from a final judgment, which is the province of Rule 60(b). "Under that rule, a party may move a court to reopen a case." Infante v. Wagner Holding Tr., No. 3:25-CV-03019-ECS, 2025 WL 2813808, at *1 (D.S.D. Oct. 3, 2025) (citing Waetzig v. Halliburton Energy Servs., 604 U.S. 305, 307, 317 (2025)). "Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect,

newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment." Id. (quoting BLOM Bank SAL v. Honickman, 605 U.S. 204, 210 (2025)). "It also includes a catchall provision that allows a district court to relieve a party from a final judgment for 'any other reason that justifies relief.'" BLOM Bank SAL, 605 U.S. at 206 (quoting Fed. R. Civ. P. 60(b)(6)).

The Court first construes El Karmassi's motion under Rule 60(b)(1) as alleging mistake. Under that rule, a court should grant relief if a final judgment was "based on clearly erroneous fact-findings." Freeman v. Wyeth, 764 F.3d 806, 809 (8th Cir. 2014) (citation omitted). In the Court's order denying default judgment, it noted how at the Rule 55(b)(2) hearing, "El Karmassi implied that his relationship with Defendant was that of an independent contractor." El Karmassi, 2026 WL 1587049, at *2. In the instant motion, El Karmassi clarifies that he "was an employee of Lot Corporation, not a contracted driver." Doc. 22 at 1. But because of the undeveloped record on that question, the Court analyzed El Karmassi's claims under both an independent contractor theory, and "[a]ssuming El Karmassi was an employee." El Karmassi, 2026 WL 1587049, at *2–3. The Court held that El Karmassi failed to allege a legitimate cause of action under either scenario. Id. at *3–4. So, El Karmassi's clarification in the instant motion is of no moment.

The Court next construes El Karmassi's motion under Rule 60(b)(2), which allows relief from a final judgment for reason of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." El Karmassi informs the Court:

> It is my understanding that Lot Corporation was dismissed from FedEx for not following policy and for the way he treated his workers. He is no longer in the Watertown SD facility, and it was my understanding that he was revoked all of his other contacts [sic] in multiple states.

2

Doc. 22 at 1. To the extent Rule 60(b)(2) applies to evidence newly discovered after a Rule 55(b)(2) hearing, the Court may afford relief if "the evidence is material" and "would probably produce a different result." Greyhound Lines, Inc. v. Wade, 485 F.3d 1032, 1036 (8th Cir. 2007). Recall that El Karmassi's motion for default judgment was denied because he failed to plead race as either the "more than likely basis for Defendant's actions," (Title VII) or "as the but for cause of his loss of bonuses, his loss of work / termination, and the comments made by his manager" (42 U.S.C. § 1981). El Karmassi, 2026 WL 1587049, at *3–4. El Karmassi's newly discovered evidence does not cure the deficiency.

The Court also considers El Karmassi's motion under Rule 60(b)(6), for "any other reason that justifies relief." First, El Karmassi suggests default judgment is proper because he alone complied with the rules of civil procedure and attended the Rule 55(b)(2) hearing. Doc. 22 at 2. But such compliance does not ensure success where the facts in the complaint do not amount to a legitimate cause of action. El Karmassi, 2026 WL 1587049, at *2 (citing Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010)). Finally, El Karmassi states he has "no way of knowing [Defendant's owner's] residence or which state he may be residing in at this time to do another case against him." Doc. 22 at 1. But this Court cannot grant an inappropriate remedy simply because it is the result most convenient to Plaintiff. For these reasons, it is

ORDERED that El Karmassi's motion for reconsideration, Doc. 22, is denied.

DATED this 30th day of June, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3